# Richmond.

## John Farris v. Norfolk and Western Railway Company.

### February 26, 1925.

1. Constitutional Law—*Retrospective Laws—Appeal and Error—Act of 1923, Chapter 136, Allowing an Appeal which has been Barred by Act of 1922, Chapter 41.*— Acts of 1922, chapter 41, amending section 6337 of the Code of 1919, provided that petitions for appeal or writ of error should be presented within six months from the rendition of the decree or judgment. By acts of 1923, chapter 136, the legislature pro vided for the allowance of certain appeals or writs of error which were barred by acts of 1922, chapter 41.

   *Held:* That the acts of 1923, chapter 136, was constitutional.

2. Damages—*Remittitur—Personal Injuries—Case at Bar.*—In the instant case, an action for personal injuries, the jury returned a verdict for $3,000.00, which the trial court reduced to $1,500.00. Plaintiff had received sundry injuries, both external and internal. His own statement was: "My side has been paining me ever since. I have been lame and I suffer the whole time. I cannot work; it is paining me the whole time." Plaintiff had a very much enlarged floating kidney which could naturally have caused the lameness. None of these conditions existed until after the accident. There was much evidence introduced tending strongly to prove a different state of facts.

   *Held:* That the weight to be given the evidence was for the jury to determine; that the verdict of the jury did not indicate that they were actuated by prejudice, partiality or corruption, or misled by some mistaken view of the merits of the case, and that the lower court erred in reducing the verdict.

3. Damages—*Measure of Damages—Where There is no Legal Measure—New Trial.*—Where there is no legal measure of damages, the rule is believed to be, without exception, that the verdict of the jury cannot be set aside unless it is so grossly excessive (or inadequate) as to indicate that the jury has been actuated by prejudice, partiality, or corruption, or that they have been misled by some mistaken view of the merits of the case.

4. Damages—*Measure of Damages—Where There is no Legal Measure—Internal Injuries.*—There is no rule by which to measure the compensation to be awarded plaintiff in an action for personal injuries,

where the injuries are both external and internal and include an enlarged floating kidney, lameness, constant pain and inability to work.

5. DAMAGES—*Personal Injuries—Internal Injuries—"Average Verdict Rule."*—The "average verdict rule," that is, the comparison of the verdict in question with verdicts which other juries have found in other cases for similar injuries, cannot be invoked where the injuries are internal, and have produced a condition of greatly impaired earning capacity, continuous pain and suffering, and a dislocated kidney that may or may not produce serious results.

6. APPEAL AND ERROR—*Weight to be Attached to the Judgment of the Lower Court—Case must be Dealt with as Presented by the Record.*—The rule that great weight should be given the judgment of the trial court is based upon the soundest principles of reason, and in furtherance of the practical administration of justice. It is entirely probable that the learned judge of the court below, by reason of his personal knowledge of the witnesses, and close-up contact with the trial of the case, was influenced in reaching his conclusions by circumstances and conditions present at the trial, but impossible to be transcribed in cold type so as to give the appellate court a photograph of the case as it appeared to the court below; yet the appellate court must of necessity deal with the case as presented by the record, and so considering it, reverse the lower court if they think it erred.

Error to a judgment of the Circuit Court of Campbell county, in a proceeding by motion for a judgment for damages. From a judgment reducing verdict for plaintiff, plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Duncan Drysdale* and *L. Bradford Waters*, for the plaintiff in error.

*Kilpatrick, Howard & Burks* and *F. M. Rivinus*, for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

The plaintiff and defendant occupy the same positions

in this court as in the court below and will be accordingly so designated.

John Farris, a section hand in the employ of the defendant company, was injured on September 15, 1920, in a collision between two motor cars upon one of which he was riding, and for injuries sustained brought his action in the Circuit Court of Campbell county to recover damages in the sum of $5,000.00.

The defendant, at the trial, did not contest liability, but made its fight upon the amount of damages to be awarded. The jury rendered a verdict in favor of the plaintiff for $3,000.00 which verdict the court reduced to $1,500.00, and entered judgment accordingly.

The plaintiff excepted to the judgment of the court— accepted the $1,500.00 under protest in accordance with section 6335, Code of Virginia, and applied to one of the judges of the Supreme Court for a writ of error which was allowed, and which brings before this court for review the correctness of the judgment of the trial court in reducing the verdict of the jury from $3,000.00 to $1,500.00.

[1] While the brief of defendant's counsel raises a constitutional question as to the right of plaintiff to appeal from the judgment of the trial court—this position was not seriously stressed in the argument for the reason that the Supreme Court of Appeals, in the case of *Kenedy Coal Corporation* v. *Buckhorn Coal Corporation, et als.*, 140 Va. 37, 124 S. E. 482, has decided the question here raised adversely to defendant's contention.

[2] As to the major question in the case—namely— was the trial court justified in reducing the verdict of the jury?

To this query we think there can be but one answer. The evidence is by no means free from conflicts, especially as it related to the injuries sustained by the

plaintiff—but considered as upon a demurrer to the evidence, the jury could have believed the following as the facts proved:

That plaintiff was thrown from a motor car by the collision and thereby rendered unconscious, that he received at the same time sundry injuries, both external and internal. His own statement is: "My side has been paining me ever since. I have been lame and I suffer the whole time. I cannot work; it is paining me the whole time."

That he has a very much enlarged floating kidney which could naturally have caused the lameness; that none of these conditions existed until after the accident; that he can now do only light work, with his earning capacity appreciably reduced. Dr. Younger, who made an examination of the plaintiff, says in part: "He has a very much enlarged floating kidney on the right side, easily palpitated by a careful examination," and that this condition of the kidney could have caused the lameness.

It is entirely correct to say that much evidence was introduced tending strongly to prove a different state of facts, and if accepted by the jury would have sustained a different verdict from that rendered, but the weight to be given the evidence under such circumstances is for the jury to determine, within well established limitations.

The decision of this case, therefore, seems to us to depend upon the answer we must give to the following question: Does the verdict of the jury indicate that they were actuated by prejudice, partiality or corruption, or were they misled by some mistaken view of the merits of the case? We find nothing in the record to justify us in answering any of these queries in the affirmative—indeed no such position was taken by defendant's counsel in the brief or in the oral argument.

[3, 4] We are pointed to no rule by which to measure the compensation to be awarded for the injuries claimed to have been received. While acting within the realms of reason and with no indication of an unworthy motive, or mistaken view of the merits of the controversy, the jury's verdict is final as to the *quantum* of damages to be allowed in this class of cases.

"Where there is no legal measure of damages, the rule is believed to be without exception, that the verdict of the jury cannot be set aside unless it is so grossly excessive (or inadequate) as to indicate that the jury has been actuated by prejudice, partiality, or corruption, or that they have been misled by some mistaken view of the merits of the case." Burks' Pleading and Practice (2nd ed.) 537.

[5] We think the "average verdict rule" cannot be invoked where the injuries are internal, and have produced a condition of greatly impaired earning capacity, continuous pain and suffering, and a dislocated kidney that may or may not produce serious results. We have been referred to no case of a similar character from which to evolve a basis for measuring the correctness of the present verdict, and from the nature of the injuries claimed to have been sustained such could hardly be expected. We are of the opinion therefore that the cases of *C. & O. Ry. Co.* v. *Arrington,* 126 Va. 217, 101 S. E. 415, and *Lorillard Co.* v. *Clay,* 127 Va. 734, 104 S. E. 384, with which we are in entire accord—render us no assistance in determining the question here involved.

We are fully conscious of the fact that cases are constantly arising where juries, as they visualize the misfortunes that have come to litigants, and have these exaggerated by the appeals of astute counsel—are (unconsciously, though innocently) misled into awarding damages not according to the law and the evidence, but

rather because of the adversities that have overtaken the plaintiff, coupled with the ability of the defendant to pay.   This is one of the weaknesses of the jury system from which there would seem to be no immediate relief.

[6] The rule that great weight should be given 'the judgment of the trial court is based upon the soundest principles of reason and in furtherance of the practical administration of justice.   It is entirely probable that the learned judge of the court below, by reason of his personal knowledge of the witnesses, and close-up contact with the trial of the case, was influenced in reaching his conclusions by circumstances and conditions present at the trial, but impossible to be transcribed in cold type so as to give this court a photograph of the case as it appeared in the court below.   We know that such is often the fact, yet we must of necessity deal with the case as presented by the record, and so considering it, we think the court erred in reducing the verdict of the jury, and a judgment will be here entered in favor of the plaintiff for $3,000.00, with interest from November 25, 1921, but to be credited by such sum as may already have been paid thereon, as of the date same was paid, together with his costs in this behalf expended.

*Reversed.*